# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:21-cv-00247-MR

| | |
|---|---|
| EDDRICCO L. BROWN-BEY,[1] ) ) | |
| Petitioner, ) ) | |
| vs. ) ) | |
| STATE OF NORTH CAROLINA, et al., ) ) | ORDER |
| Respondents. ) ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* "Emergency Petition for Constitutional Rights Protected by the 5th and 8th [amendments] Articles to the Bill of Rights of [1791] Federal Questions Jurisdiction Ministers, Consuls, and Diplomats…." [Doc. 1].

## I. BACKGROUND

Eddricco L. Brown-Bey (the "Petitioner") is presently serving between 102 and 135 months in the North Carolina Department of Public Safety ("NCDPS") on his September 20, 2016, no contest plea in Mitchell County Superior Court to: trafficking opium/heroin, Case No. 14CRS50664;

---

[1] According to the North Carolina Department of Public Safety's website, Petitioner's name is Eddricco L. Brown. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0700738&searchOffenderId=0700738&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed Oct. 27, 2021); Fed. R. Evid. 201.

obtaining a controlled substance by fraud, Case No. 14CRS50665; attempting to obtain a controlled substance by fraud, Case Nos. 14CRS050670 and 14CRS50671; and being a habitual felon, Case No. 16CRS24.[2]

In 2017, Petitioner filed a habeas corpus petition[3] in the U.S. District Court for the District of Columbia demanding to be released from incarceration in Mitchell County Case Nos. 14CRS50664, 14CRS50665, 14CRS50670 and 14CRS50671 on the grounds that North Carolina identifies him with the "slave label" of "Black," rather than as a Moorish American National. [D.C. Dist. Case No. 1:17-cv-722, Doc. 1]. The D.C. District dismissed the petition as frivolous on April 19, 2017 because "Petitioner's purported status as a Moorish American does not place him beyond the reach of federal or state law." [Id., Doc. 3 at 1]. The D.C. Circuit denied a certificate of appealability and dismissed Petitioner's appeal, D.C. Cir. Case No. 17-7089. [Id., Doc. 12].

---

[2] Petitioner began serving the Mitchell County sentences on May 20, 2019, after he completed consecutive sentences for larceny from merchant (principal) in Gaston County Superior Court Case Nos. 14053114 and 14053158. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0700738&searchOffenderId=0700738&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed Oct. 27, 2021).

[3] Petitioner cited 28 U.S.C. §§ 1251, 1343, 1351, and 2244 in his petition before the D.C. District. [D.C. Dist. Case No. 1:17-cv-722, Doc. 1 at 1-2].

On November 26, 2018, Petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 in this Court challenging his September 20, 2016 Mitchell County convictions because he is an "'Indigenous Moor,' 'alien'" who is not subject to criminal judgments. [Case No. 1:18-cv-355-FDW, Doc. 1 at 1, 6] (referring to Case Nos. "14CRS50664 *et seq.*"). The Court dismissed the petition with prejudice as frivolous. Brown-Bey v. Hooks, 2018 WL 6788044 (W.D.N.C. Dec. 26, 2018).[4]

In the instant case, Petitioner purports to bring this "Emergency Petition" pursuant to 28 U.S.C. § 1251(b)(3), 1331, and 1343; Fed. R. Civ. P. 9(b); the "Divine Constitution and By-Laws of Moorish America and Zodiac

---

[4] The Petitioner has filed a number of other unsuccessful civil actions in this Court and other North Carolina district courts asserting frivolous Moorish claims, primarily pursuant to 42 U.S.C. § 1983. See, e.g., Brown-Bey v. Mecklenburg Cnty. Health Dep't, 3:17-cv-279-FDW, 2017 WL 4484243 (W.D.N.C. June 16, 2017) (dismissing "Criminal Complaint" as frivolous); Brown-Bey v. Hooks, 1:18-cv-15-FDW, 2018 WL 576309 (W.D.N.C. Jan. 26, 2018) (dismissing § 1983 action as frivolous), *appeal dismissed,* 2018 WL 3825309 (4th Cir. April 3, 2018); Brown v. Wiseman, 5:18-ct-3011-FL, 2018 WL 9814648 (E.D.N.C. Aug. 27, 2018) (denying *in forma pauperis* application in § 1983 action pursuant to § 1915(g) and requiring payment of the filing fee; case subsequently dismissed for lack of prosecution), *appeal dismissed,* Fourth Cir. Case No. 18-7220; Brown-Bey v. Hooks, 3:18-cv-46-FDW, 2018 WL 4620617 (W.D.N.C. Sept. 26, 2018) (dismissing § 1983 action as frivolous); Brown-Bey v. North Carolina, 5:17-ct-3253-D, 2019 WL 165697 (E.D.N.C. Jan. 9, 2019) (dismissing § 1983 action for failure to state a claim), *appeal dismissed,* 2019 WL 3302405 (4th Cir. 2019); Brown-Bey v. North Carolina, 3:19-cv-188-FDW, 2019 WL 6717045 (W.D.N.C. Dec. 10, 2019) (dismissing § 1983 action pursuant to § 1915(g)), *appeal dismissed,* 2020 WL 3722144 (4th Cir. Feb. 26, 2020); see also Brown-Bey v. North Carolina Dep't of Health and Human Servs., 3:21-cv-413-MR (W.D.N.C. Oct. 28, 2021) (dismissing § 1983 action pursuant to 28 U.S.C. § 1915(g); Brown-Bey v. Hooks, 3:18-cv-83-FDW, 2018 WL 10609714 (W.D.N.C. April 27, 2018) (dismissing § 1983 action pursuant to 28 U.S.C. § 1915(g)); Brown v. Clinch, 5:18-ct-03005-BO, 2018 WL 9801945 (E.D.N.C. Aug. 16, 2018) (dismissing § 1983 action pursuant to § 1915(g)), *reconsid. denied,* 2018 WL 9801946 (E.D.N.C. Oct. 3, 2018).

Constitution;" and the "Treaty of Peace and Friendship of Seven Hundred and Eighty-Seven (1787) A.D….." [Doc. 1 at 4-5]. He again seeks to challenge his September 20, 2016 Mitchell County convictions.[5] He names as Respondents: the State of North Carolina; Milton Oliver Fletcher, a prosecutor; the North Carolina Division of Adult Corrections; and Erik A. Hooks, the former secretary of the North Carolina Department of Public Safety ("NCDPS").

Petitioner declares that he is "not negro, Black nor colored," but rather, is a "tribal member of the Aboriginal Cherokee Moors, and Citizen of the Imperial Citizen of the Imperial Cherokee Nation of North Carolina and a Native American" who is being held hostage on "Commercial Crimes" stemming from the Mitchell County cases. [Doc. 1 at 5-9]. He also appears to suggest that he was coerced to enter his plea of no contest. [Doc. 1 at 9-12]. He seeks relief including his immediate release to the "Imperial Cherokee Nation of North Carolina." [Doc. 1 at 23].

## II. DISCUSSION

"Regardless of how they are styled, federal habeas petitions of prisoners who are in custody pursuant to the judgment of a State court should be treated as applications under section 2254…." In re Wright, 826

---

[5] He specifically cites Case Nos. 14CRS040670, 14CRS050671, and 16CRS24.

F.3d 774, 779 (4th Cir. 2016) (internal quotation marks omitted). In the "Emergency Petition," Petitioner seeks to challenge the state convictions for which he is presently incarcerated. Therefore, the "Emergency Petition" as construed as a § 2254 Petition for Writ of Habeas Corpus.[6]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") expressly limits a petitioner's ability to attack the same criminal judgment in multiple collateral proceedings. If a federal district court denies or dismisses a state prisoner's § 2254 petition with prejudice, the prisoner generally may not file another habeas petition challenging the same state criminal judgment unless he has obtained permission to do so from the appropriate federal court of appeals. See 28 U.S.C. § 2244(b)(3)(A); see also Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

Petitioner has already challenged his Mitchell County convictions in a § 2254 proceeding which was dismissed with prejudice. Petitioner has not shown that he has obtained permission from the United States Court of

---

[6] No notice is required pursuant to United States v. Castro, 540 U.S. 375, 383 (2003), before the Petition is recharacterized because this is not Petitioner's first § 2254 proceeding.

Appeals for the Fourth Circuit to file a successive § 2254 petition. Accordingly, the Court lacks jurisdiction over this successive petition and it must be dismissed.  See Burton, 549 U.S. at 153.

## III. CONCLUSION

For the reasons stated herein, the "Emergency Petition…" is construed as a § 2254 Petition for Writ of Habeas Corpus, and it is dismissed without prejudice pursuant to 28 U.S.C. § 2244(b)(3).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS THEREFORE ORDERED** that:

(1) The Petitioner's *pro se* "Emergency Petition for Constitutional Rights Protected by the 5th and 8th [amendments] Articles to the Bill

of Rights of [1791] Federal Questions Jurisdiction Ministers, Consuls, and Diplomats…." [Doc. 1] is construed as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and is **DISMISSED WITHOUT PREJUDICE** as an unauthorized successive petition pursuant to 28 U.S.C. § 2244(b)(3).

(2) The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

The Clerk is respectfully instructed to amend the nature of suit and cause of action in the Court's records to reflect that this is a § 2254 action.

**IT IS SO ORDERED**.

Signed: October 29, 2021

Martin Reidinger
Chief United States District Judge