IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00247-MR

| | |
|---|---|
| **EDDRICCO L. BROWN-BEY,**[1] )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**STATE OF NORTH CAROLINA, et al.,** )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's *pro se* "Emergency Petition for Constitutional Rights Protected by the 5th and 8th [amendments] Articles to the Bill of Rights of [1791]." [Doc. 8].

The *pro se* Petitioner, who is presently incarcerated in the North Carolina Department of Safety, filed a an "Emergency Petition" in the instant case that was construed as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. 1]. On October 29, 2021, the Petition was dismissed without prejudice as an unauthorized successive § 2254 petition and this case was closed. [Docs. 3, 4]. He has filed a Notice of Appeal. [Doc. 8].

---

[1] According to the North Carolina Department of Public Safety's website, the Petitioner's name is Eddricco L. Brown. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0700738&searchOffenderId=0700738&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1  (last accessed Nov. 10, 2021); Fed. R. Evid. 201.

The Petitioner has now filed the instant "Emergency Petition" in which he again challenges his incarceration, and asks the Court to vacate his judgment and immediately release him from custody. [Doc. 8]. The "Emergency Petition" is construed as an Amended Petition for Writ of Habeas Corpus pursuant to § 2254.

The § 2254 Petition has already been dismissed and the Amended Petition does not establish that the Fourth Circuit has granted the Petitioner authorization to file a second or successive habeas petition. There is no active case or controversy before the Court, and the Amended Petition is therefore dismissed. See e.g. Sevilla-Briones v. Hooks, No. 3:20-cv-00059-MR, 2020 WL 6587663 W.D.N.C. Nov. 10, 2020) (denying a motion to amend in a closed § 2254 case); Rudisill v. United States, No. 1:09CR262-3-T, 2009 WL 2517013, at * 1 (W.D.N.C. Aug. 14, 2009) (in a § 2255 case, noting that "this Court is unaware of any authority allowing Petitioner to amend a closed case.").

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would

find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's "Emergency Petition for Constitutional Rights Protected by the 5th and 8th [amendments] Articles to the Bill of Rights of [1791]" [Doc. 8] is construed as an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED.**  Signed: November 18, 2021

Martin Reidinger
Chief United States District Judge